**HORTENCIA DELGADILLO**
Attorney at Law
P.O. Box 844
Tucson, Arizona 85702
(520) 498-4913
State Bar No. 010595

Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| VERONICA B. CASILLAS, a single woman, | ) No. CIV- )  ) |
| Plaintiff, | ) **COMPLAINT** ) |
| vs. | ) ) |
| RITE OF PASSAGE, INC., dba SYCAMORE CANYON ACADEMY, | ) ) ) |
| Defendant. | ) ) |

    Plaintiff Veronica B. Casillas, by and through her attorney undersigned, hereby submits her Complaint against the above-named Defendant, and alleges as follows:

## INTRODUCTION

    Plaintiff Veronica B. Casillas ("Casillas") is a single female who was sexually harassed in the workplace and then retaliated against when she reported the sexual harassment, as alleged herein.  Such sexual harassment and retaliation caused Casillas to suffer damages in the form of emotional trauma, illness, pain, anguish, humiliation and anxiety and lost past and future wages.

    Casillas' Complaint seeks declaratory, compensatory and injunctive relief against the Defendant by asserting a state tort claim and claims under state federal statutes that provide for compensation for damages. Casillas seeks full back pay and benefits corresponding to the position she lost through Defendant's unlawful conduct,  from the last date Casillas worked in the position through the date of judgment.  Further, Casillas

seeks compensation for the emotional trauma, illness, pain, anguish, humiliation and anxiety she has suffered due to Defendant's discriminatory and retaliatory actions, injunctive relief designed to stop Defendant's unlawful conduct and ameliorate the effects of such conduct, and punitive damages. Finally, Casillas seeks an award of attorney's fees and reasonable costs incurred in prosecuting this action.

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Casillas, a single woman, is a resident of Pima County, Arizona.

2. Defendant Rite of Passage, dba Sycamore Canyon Academy, is a corporation that is authorized to and is doing business in Arizona as Sycamore Canyon Academy. At all relevant times, Rite of Passage was doing business in Arizona.

3. Ike Shipman is Defendant's Site Manager. At all relevant times Shipman was acting as Defendant's agent.

1. This court has original jurisdiction over federal civil rights claims brought under 42 U.S.C. §2000e and supplemental jurisdiction, pursuant to 28 U.S.C. §1367 and 28 U.S.C. 1441(c), over state tort claims.

2. The agents who subjected Casillas to retaliatory treatment continue to be employed by Defendant within the District of Arizona. Defendant has several business locations within the District of Arizona. All actions complained of herein occurred in the District of Arizona.

3. Venue is proper in the District of Arizona, pursuant to 42 U.S.C. §2000e-5(f)(3).

## PARTIES

6. At all relevant times, Casillas was employed by Defendant.

7. At all relevant times, Casillas was an employee within the meaning of 42 U.S.C. §2000e(f).

8. At all relevant times, Defendant had at least 15 employees and therefore was an employer as defined by 42 U.S.C. §2000e(b).

9. All acts complained of herein were performed by the Defendant Corporation and/or agents/employees of the Corporate Defendant within the scope of their employment or agency with such entity.

## STATEMENT OF CLAIMS

10. On or about June 6, 2008 Defendant Rite of Passage hired Casillas as a night staff employee. Throughout her employment, Casillas' performance was at least satisfactory.

13. On August 12, 2008, one of Casillas' coworkers came onto the premises and waited in one of the darkened sleeping quarters.  When the coworker heard Casillas in the area, he moved towards Casillas and he called for her to join him in this darkened area. The coworker rubbed his penis as he moved towards Casillas.  Casillas believed that the coworker was inviting her to engage in sexual acts.  Casillas made it clear that she did not welcome the sexual advances.  Casillas backed away when she realized what the coworker was doing, and she immediately used the radio to contact another staff member who was in another area that night.

The coworker that made the sexual advances appeared to be intoxicated. sic Casillas is aware that staff members regularly went to a local bar during work hours and that at times,  they returned to work in an intoxicated condition.

15.  Upon information and belief, Ike Shipman and other managers have been aware of the drinking actibity during work hours, and that they have further been aware thatr staff members have returned to work after having been drinking.

16.  Casillas complained to Ike shipman on the date that the coworker subjected her to unwelcomed sexual c onduct.  Following Casillas complaint,  the coworker was allowed to come onto the premises for his shift, and he was not restricted from having contact with Casillas.

Endangered not only students but also staff members by allowing the coworker and others to be on the premises after consuming alc beverages to the point of being intx and returning to work in this condition.

On or about August 19, 2008, Casillas was asked to attend a meeting on the premises concerning tCasillas complaint of unwelcomed sexual conduct. At no time prior to that meeting was Casillas informed that the coworker would be present at the meeting. When Casillas arrived, she realized that the coworker was also presnt for the meeting.  Although Casillas objected to the presence of the coworker at this meeting, managemenrt allowed Defendant to remain.

Casillas felt agitated and intimidated by the coworker's presence.

Casillas felt compelled to leave the premises that day.

Upon information and belief, other staff members became aware of the complaint Casillas had made.